IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ANACOSTIA BIBLE CHURCH )<br>)<br>    Defendant. ) | No. 1:08-cv-00685-EGS |

## MOTION TO RECONSIDER ORDER DISMISSING CASE

Pursuant to Fed. R. Civ. P. 59(e) and 60(b), the United States requests that the Court vacate its order dismissing the case. In support thereof, the United States submits that dismissal, even without prejudice, will work a manifest injustice because the statute of limitations for one of the tax periods has expired. Moreover, dismissal was not warranted given that: (1) the United States was waiting for the defendant to respond to its complaint as required by Fed. R. Civ. P. 12(a); (2) the Court did not try and implement lesser sanctions before dismissing the case; (3) the Court did not warn that failure to move for default would result in dismissal; (4) the United States has contacted defendant and has been reassured that funds are forthcoming that will resolve this suit; and (5) only a two month period lapsed between the time defendant was required to answer and the Court, sua sponte, dismissed the complaint.

A memorandum in support of this motion is filed herewith.

//

//

3554219.1

Date: September 4, 2008.                    Respectfully submitted,

/s/ Duston K. Barton
DUSTON K. BARTON
DC Bar 970445
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-9961
Duston.Barton@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

The foregoing MOTION TO RECONSIDER with accompanying MEMORANDUM and proposed ORDER were served by electronically filing the documents with the Court and mailing a copy, first class, as follows:

>Anacostia Bible Church
>1610 T Street, S.E.
>Washington, D.C.  20020

>>/s/Duston K. Barton
>>DUSTON K. BARTON

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | No. 1:08-cv-00685-EGS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANACOSTIA BIBLE CHURCH | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO RECONSIDER ORDER DISMISSING CASE**

Pursuant to Fed. R. Civ. P. 59(e) and 60(b), the United States requests that the Court vacate its order dismissing the case.

STATEMENT OF THE CASE

On April 21, 2008, the United States filed the present action, seeking to reduce to judgment various employment tax obligations of the defendant. (PACER # 1.) The defendant was personally served on June 6, 2008, and was required to answer by June 26, 2008. (PACER # 2.) To date, the defendant has not responded to the complaint. On August 27, 2008, the Court, sua sponte, issued an order dismissing the case without prejudice for failure to prosecute. (Minute Order August 27, 2008.)

The United States has been working with the defendant to resolve this case. (*See* Decl. Duston Barton.) Defendant concedes that it is liable for the taxes, and has obtained a loan refinancing commitment from Strongtower Financial, Inc. in order to pay the outstanding taxes. (*See id.* ¶ 3.) Pastor Strong, on behalf of the defendant, has

represented to the United States that he anticipates securing the funding shortly and will use the funds to pay the taxes. (*Id.*)

ARGUMENT

The United States requests relief from the Court's order dismissing the complaint.[1] Dismissal is a "drastic step, normally to be taken only after unfruitful resort to lesser sanctions." *Ripalda v. American Operations Corp.*, 977 F.2d 1464, 1466 (D.C. Cir. 1992) (quoting *Jackson v. Washington Monthly Co.*, 569 F.2d 119, 123 (D.C. Cir. 1977)). Although the complaint was dismissed "without prejudice," such dismissal is highly prejudicial to the government because the collection statute for the employment tax liabilities for the fourth quarter of 1997 expired after the complaint was filed. Filing a second complaint after dismissal would not extend the collection statute, and the United States would be forever precluded from recovering these undisputed liabilities. Such a "drastic step" should only be taken *after* lesser sanctions have failed to remedy the problem. *Ripalda*, 977 F.2d at 1466. *See also United States ex rel Miller v. Holzmann* 2007 WL 781941, at *2 (D.D.C. 2007)(such a draconian sanction as dismissal should be imposed only in the most severe of circumstances, and in general only after a resort to lesser sanctions have proved ineffective.) In this case, the Court could have issued a

---

[1] It is unclear whether the Court's order dismissed the *action* or only the *complaint*. Although the order states that "the complaint is [d]ismissed without [p]rejudice," the order also states that the dismissal is based on the government's failure to "dilligently prosecute this case." Presumably then, the *action* has been dismissed and the government cannot merely file an amended complaint. *See generally Ciralsky v. Central Intelligence Agency*, 355 F.3d 661 (D.C. Cir. 2004).

show cause order before relying on such a "draconian sanction." *See, e.g., Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988)(district court abused its discretion in dismissing case for failure to prosecute after "eight months of inactivity" without giving plaintiff opportunity to show cause why suit should not be dismissed.)

     In this case, the United States filed its complaint and timely served the defendant. It has also contacted the defendant and has been working with the defendant to secure financing to pay the outstanding tax liabilities. After a complaint has been filed, the defendant has an obligation to respond, plead, or otherwise defend. *See* Fed. R. Civ. P. 12(a). The *defendant's* failure to comply with this obligation should not be grounds for dismissal of the *plaintiff's* suit. Admittedly, the United States could have moved for default against the plaintiff pursuant to Fed. R. Civ. P. 55. However, defendant's answer was not due until June 26, 2008. Thus, the Court dismissed the action only two months after defendant was required to respond. Failing to move for default within a two month period does not warrant dismissal for failure to prosecute. *See, e.g. Id.; Tolbert v. Leighton* 623 F.2d 585, 87 (9th Cir. 1980)(district court abused its discretion in dismissing a plaintiff's case for failure to prosecute where (1) the only evidence of dilatoriness is his or his attorney's failure to attend a pretrial conference; (2) the court has not warned that failure to attend will create a risk of dismissal; and (3) the case is still "young."); *Sykes v. United States*, 290 F.2d 555, 557 (9th Cir. 1961) (dismissal for approximately seven months of inactivity constituted an abuse of discretion where there was no evidence of intent to abandon the case.)

Dismissal in this case is particularly unwarranted given that (1) the statute of limitations for one of the tax periods has expired; (2) the United States was waiting for the defendant to respond to its complaint as required by Fed. R. Civ. P. 12(a); (3) the Court did not try and implement lesser sanctions first; (4) the Court did not warn that failure to move for default would result in dismissal; (5) the United States has contacted defendant and has been reassured that funds are forthcoming that will resolve this suit; and (6) only a two month period lapsed between the time defendant was required to answer and the Court sua sponte dismissed the complaint.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court vacate its order dismissing the complaint and allow the case to continue.

Date: September 4, 2008.                    Respectfully submitted,

                                            /s/ Duston K. Barton
                                            DUSTON K. BARTON
                                            DC Bar 970445
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Washington, D.C. 20044
                                            202-514-9961
                                            Duston.Barton@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, ) | |
| ) | No. 1:08-cv-00685-EGS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANACOSTIA BIBLE CHURCH ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF DUSTON K. BARTON

I, Duston K. Barton, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1. I am a trial attorney with the Department of Justice and have been assigned litigation responsibility for this case.

2. On June 25, 2008, I had a telephone conversation with Jimmie L. Strong, pastor of the Anacostia Bible Church regarding the Complaint that was served on him. Pastor Strong conceded that the church was liable for the taxes, but contested the amount of tax owed. He stated that the figures in the complaint were different than the figures sent over to him previously by the Internal Revenue Service. I asked Pastor Strong to provide me with the figures the Internal Revenue Service had sent previously.

3. During the phone conversation on June 25th, I also asked Pastor Strong about the financing commitment the church had received from Strongtower Financial. Pastor strong indicated that he expected to receive the funds from the loan shortly and would use the funds to pay off the tax debt.

4.  Shortly after our telephone conversation, Pastor Strong sent me a fax of the complaint with the fourth quarter 2001 liability circled and a note written, "how can this be possible[?]." Pastor Strong also indicated that he thought the total was "over stated by $10,360." I investigated these issue and phoned the revenue officer assigned to the case, Ronald Webb regarding these issues.

5.  Mr. Webb and I determined that the "overstated" total was likely due to interest calculation. With respect to the fourth quarter 2001 liability, Mr. Webb determined that the tax liability was incorrect as stated in the complaint and should be $11,295 not $112,185. This reduced the outstanding liability of the church by approximately $100,000.

6.  I attempted to phone Pastor Strong regarding this, but have been unable to get a hold of him.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2008 at Washington, D.C.

    /s/ Duston K. Barton  
    DUSTON K. BARTON

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | No. 1:08-cv-00685-EGS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANACOSTIA BIBLE CHURCH | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Having considered the United States' motion to reconsider the Court's order dismissing the case without prejudice, the Court:

GRANTS the United States' motion;

VACATES its August 27, 2008 order dismissing the action; and

ORDERS that the case is reinstated and may proceed according to the complaint filed on April 21, 2008.

_____
UNITED STATES DISTRICT JUDGE

3554271.1